**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI**

UNITED STATES OF AMERICA

VS.                                                                                    CAUSE NO. 1:14-CR-145

STEVE RUSSELL                                                                                  DEFENDANT

## ORDER

This matter is before the court on motion of the defendant for "Requiring the Prosecution to Give Notice of its Intention to Use Other Crimes, Wrongs or Acts Evidence" (#13). Also before the court is defendant's motion for the "Disclosure of Identity of Witnesses" (#14). After considering the motions and the responses thereto, the court finds as follows:

### NOTICE OF INTENT TO USE
### OTHER CRIMES, WRONGS OR ACTS EVIDENCE

With his first motion, the defendant argues he is entitled to notice of the prosecution's intent to introduce evidence of other crimes, wrongs or acts at trial. In its response (#16), the government states that it is not aware of any such evidence to be used at trial, and that if any such evidence is discovered, it will promptly notify the defendant as contemplated by Rule 404(b)(2)(B) and 414(b).

Because the government intends to follow Rules 404 and 414's notification requirements, no order from the court is necessary. Therefore, the defendant's motion requiring notice of the prosecution's intent to use 404(b) evidence is denied as moot.

### DISCLOSURE OF IDENTITY OF WITNESSES

With his second motion, the defendant argues that he is entitled to the identity of any witness or informant utilized or relied upon by the government in its investigation. Moreover, the defendant argues that he is entitled to have these witnesses and informants made available for

interview by defendant's attorneys, and that the government should be ordered to disclose the prior criminal convictions for them.

In response (#15), the government argues the defendant is not entitled to a witness list or to interview the witnesses before trial. Furthermore, the government contends it does not anticipate calling any witnesses other than law enforcement officers and records custodians of internet service providers, and that it is not aware of impeachment evidence concerning any potential witnesses in this case.

The government is under no obligation to disclose a list of witnesses under the Federal Rules of Criminal Procedure, as Rule 16, which governs discovery in criminal cases, contains no language providing for such. This position is further reinforced in the Advisor Committee Notes to Rule 16, which provide:

> A majority of the Conferees believe it is not in the interest of the effective administration of criminal justice to require that the government or the defendant be forced to reveal the names and addresses of its witnesses before trial. Discouragement of witnesses and improper contact directed at influencing their testimony, were deemed paramount concerns in the formulation of this policy.

Rule 16, 1975 Amendment notes, C. Additionally, the Fifth Circuit has since held that "Rule 16, which addresses the scope and manner of criminal discovery, makes no provision for the production of names and addresses of witnesses for the government." *United States v. Fischel*, 686 F.2d 1082, 1090 (5th Cir. 1982).

Because the defendant is not entitled to the government's witness list, the court finds the defendant's Motion for Disclosure of Identity of Witnesses is not well taken. Additionally, because the government is currently unaware of any evidence tending to impeach its witnesses, defendant's request for impeachment evidence is moot and should not be granted.

IT IS, THEREFORE, ORDERED that the defendant's motion for "Notice of Intent to Use Other Crimes, Wrongs or Acts Evidence (#13) is hereby DENIED.

IT IS FURTHER ORDERED that the defendant's motion for "Disclosure of Identity of Witnesses" is hereby DENIED.

SO ORDERED, this the 24th day of February, 2015.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE