IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

STEVEN RUSSELL                                                              PETITIONER

v.                                                                                    No. 1:14-CR-145

UNITED STATES OF AMERICA                                           RESPONDENT

#

**MEMORANDUM OPINION**

This matter comes before the Court on the motion of Steven Russell, a federal prisoner, for the Court to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. [65] Russell has also filed a memorandum in support of his motion, [66] which the Court has accepted and reviewed. The Government has responded in opposition to the motion. [69] For the reasons set forth below, the instant motion to vacate, set aside, or correct Russell's sentence shall be denied.

**FACTS AND PROCEDURAL POSTURE**

On June 23, 2015 Steven Russell was found guilty of five counts of distributing child pornography in violation of 18 U.S.C §§ 2252A(a)(2) and 2252A(b)(1) and one count of possession of child pornography in violation of 18 U.S.C §§ 2252A(a)(5)(B) and 2252A(b)(2). [36] On December 10, 2015 this Court sentenced him to 210 months incarceration for Counts 1-5 and 120 months incarceration on Count 6, to be served concurrently. This Court also imposed a 5 years term of supervised release with special conditions of supervision including a restriction on access to the Internet, except for pre-approved access for work. [49]

Russell appealed his conviction and sentence. The Fifth Circuit Court of Appeals affirmed Russell's conviction and sentence on August 18, 2016. He then filed a petition of certiorari with the United States Supreme Court. The Supreme Court denied the writ on October 31, 2016.

Russell filed his motion to vacate, set aside, or correct sentence on August 16, 2017. The government responded to the motion on August 14, 2018. Russell's claims are difficult to discern, but the Court has identified them as follows:

1. Ineffective Assistance of Counsel: Defense counsel failed to provide a sentencing memo arguing against the use of the sentencing guidelines, as they do not properly reflect 18 U.S.C. § 3553(a) considerations and are not based on empirical data;

2. Ineffective Assistance of Counsel at the Sentencing Stage: Defense counsel failed to argue §3553(a) factors, and object to the sentencing guidelines and the weight given to those guidelines by the Court when determining the sentence.

## Ineffective Assistance of Counsel

In order for Russell to prevail on his ineffective assistance claim, he must show that his counsel's performance was deficient and so prejudiced his defense that but for the deficiency the result of the trial would have been different. *Stickland v. Washington*, 466 U.S. 668, 687-89. In order to show deficiency Russell must show that counsel made errors so serious that he was not functioning as the "counsel" guaranteed by the Sixth Amendment, and "must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 687 and 689. Finally, in order to prove ineffective assistance of counsel causing prejudice at the sentencing stage, Russell must show there was a reasonable probability that but for the actions of his attorney he would have received a "significantly less harsh" sentence. *United States v. Grammas*, 376 F.3d 433, 439 (5th Cir. 2004).

Russell argues that his Counsel was ineffective by failing to provide a sentencing memo arguing that the Court should reject the sentencing guidelines, as they do not reflect § 3553(a)'s considerations or empirical research. He further argues that had his counsel provided a memorandum regarding the research or argued §3553(a) factors the Court would have to consider

2

a lower sentence. The Court rejects this argument completely. First Russell has failed to show that his attorney made an actual error and, Russell has certainly not proved that he suffered any prejudice or that but for his counsel's actions he would have received a "significantly less harsh" sentence as required by *Grammas*. Having reviewed the sentencing memorandum completed by Russell's current attorney, this Court is of the opinion that even with a memorandum, the sentence imposed would not have been outside of the sentencing guidelines. In fact, there is a statutory mandatory minimum sentence for convictions under 18 U.S.C. § 2252A from which the Court cannot deviate.

Russell next alleges that at the sentencing hearing his counsel did not properly argue the §3553(a) factors. The Court does not accept this argument. At the sentencing hearing, the Court noted that the guidelines as well as the factors enumerated in § 3553(a) were taken into consideration before the sentencing. Further, he argues that his counsel did not object to the use of the guidelines or the weight given when determining the sentence. The Sentencing Reform Act requires the District Court to calculate and consider the guideline range pursuant to 18 U.S.C §3553(a). The United States Supreme Court recently held that the guidelines are to be the starting point for calculating the sentence. *Hughes v. United States*, 138 S. Ct. 1765, 1775 (2018)(quoting *Peugh v. United States*, 569 U.S. 530, 542(2017)). As for the objections, Russell's counsel did object to the supposed harshness of the sentence, which the Court noted and overruled.

This Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts. Russell must obtain a certificate of appealability ("COA") before he may appeal the denial of his § 2255 motion. 28 U.S.C. § 2253(c)(1)(B). A COA will issue "only if

the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For cases rejected on their merits, a movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" to warrant a COA. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (applying *Slack* to COA determination in § 2255 proceeding). To obtain a COA on a claim that has been rejected on procedural grounds, a movant must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Based on the *Slack* criteria, the Court finds that a COA should not issue in this cause.

## CONCLUSION

In sum, Russell was unable to prove any prejudice but for his counsel's performance as is required by *Stirckland*, nor was he able to prove his sentence would have been "significantly less harsh" as is required by *Grammas*. His sentence is at the lowest range of the guidelines and, due to the nature of his conviction, he must serve a mandatory sentence. For the reasons set forth above, the instant motion by Steven Russell to vacate, set aside or correct his sentence under 28 U.S.C § 2255 is hereby **DENIED.**

**SO ORDERED,** this the 6th day of November , 2018.

/s/ MICHAEL P. MILLS
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI